1  GLEN E. TUCKER, Bar No. 54709
   gtucker@awattorneys.com
2  ADRIENNE KONIGAR-MACKLIN, Bar No. 128157
   akmacklin@awattorneys.com
3  GINA J. KIM, Bar No. 253792
   gkim@awattorneys.com
4  ALESHIRE & WYNDER, LLP
   1515 W. 190th Street, Suite 565
5  Gardena, CA 90248
   Telephone:  (310) 527-6660
6  Facsimile:  (310) 532-7395

7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 JOSHUA RICE,                          ) Case No. CV 09-09432 SJO (RCx)
                                         )
12           Plaintiffs,                 ) Assigned for All Purposes to the
                                         ) Honorable S. James Otero
13      vs.                              )
                                         ) **DEFENDANTS' ANSWER TO**
14 CITY OF BELL GARDENS, OFFICER         ) **PLAINTIFF'S FIRST AMENDED**
   GERARDO ORNELAS, CHRISTIAN            ) **COMPLAINT FOR DAMAGES**
15 ZARATE,                               ) **AND DEMAND FOR JURY TRIAL**
                                         )
16           Defendants.                 )
                                         )
17 _____  )

18      Defendants, CITY OF BELL GARDENS, OFFICER GERARDO ORNELAS,

19 ROBERT ACOSTA, answering Plaintiff's Complaint filed on December 23, 2009,

20 admit, deny and allege as follows:

21                       **INTRODUCTION**

22      1.    Answering Paragraph 1, Defendants admit that Plaintiff seeks remedies

23 for an alleged deprivation of Plaintiff's civil rights under 42 U.S.C. § 1983.

24 Defendants also admit that jurisdiction in federal court is proper.  Defendants deny

25 that Plaintiff is entitled to any relief and deny they violated Plaintiff's civil rights.

26      2.    Defendants lack sufficient information and knowledge to admit or deny

27 the allegations contained in Paragraph 2 of the First Amended Complaint for

28 Damages and, on the basis thereof, denies same.

1    3.    Defendants admit the allegations contained in Paragraph 3 of the
2  Complaint for Damages.

3    4.    Defendants admit the allegations contained in Paragraph 4 of the
4  Complaint for Damages.

5    5.    Defendants admit the allegations contained in Paragraph 5 of the
6  Complaint for Damages.

7    6.    Defendants admit the allegations contained in Paragraph 6 of the
8  Complaint for Damages.

9    7.    Defendants lack sufficient information and knowledge to admit or deny
10  the allegations contained in Paragraph 7 of the Complaint for Damages and, on the
11  basis thereof, deny same.

12    8.    Defendants admit the allegations contained in Paragraph 8 of the
13  Complaint for Damages.

14                    **JURISDICTION AND VENUE**

15    9.    Defendants admit the allegations contained in Paragraph 9 of the
16  Complaint for Damages.

17    10.    Defendants admit the allegations contained in Paragraph 10 of the
18  Complaint for Damages.

19              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20    11.    Answering Paragraph 11, which incorporates all previous allegations,
21  Defendants incorporate their previous responses in Paragraphs 1-10.

22    12.    Defendants deny the allegations contained in Paragraph 12 of the
23  Complaint for Damages.

24    13.    Defendants deny the allegations contained in Paragraph 13 of the
25  Complaint for Damages.

26    14.    Defendants deny the allegations contained in Paragraph 14 of the
27  Complaint for Damages.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

09999/0009/85126.1

15.   Defendants deny the allegations contained in Paragraph 15 of the Complaint for Damages.

16.   Defendants deny the allegations contained in Paragraph 16 of the Complaint for Damages.

17.   Defendants deny the allegations contained in Paragraph 17 of the Complaint for Damages.

18.   Defendants deny the allegations contained in Paragraph 18 of the Complaint for Damages.

19.   Defendants deny the allegations contained in Paragraph 19 of the Complaint for Damages.

20.   Defendants deny the allegations contained in Paragraph 20 of the Complaint for Damages.

21.   Defendants deny the allegations contained in Paragraph 21 of the Complaint for Damages.

## FIRST CLAIM FOR RELIEF

22.   Answering Paragraph 22, which incorporates all previous allegations, Defendants incorporate their previous responses in Paragraphs 1-21.

23.   Defendants deny the allegations contained in Paragraph 23 of the Complaint for Damages.

24.   Defendants deny the allegations contained in Paragraph 24 of the Complaint for Damages.

25.   Defendants deny the allegations contained in Paragraph 25 of the Complaint for Damages.

26.   Defendants deny the allegations contained in Paragraph 26 of the Complaint for Damages.

27.   Defendants deny the allegations contained in Paragraph 27 of the Complaint for Damages

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL
09999/0009/85126.1

## SECOND CLAIM FOR RELIEF

28.    Answering Paragraph 28, which incorporates all previous allegations, Defendants incorporate their previous responses in Paragraphs 1-27.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint for Damages.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint for Damages.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint for Damages.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint for Damages.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint for Damages.

## THIRD CLAIM FOR RELIEF

34.    Answering Paragraph 34, which incorporates all previous allegations, Defendants incorporate their previous responses in Paragraphs 1-33.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint for Damages.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint for Damages.

37.    Defendants deny the allegations contained in Paragraph 37of the Complaint for Damages.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint for Damages.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint for Damages.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint for Damages.

09999/0009/85126.1

41.    Defendants deny the allegations contained in Paragraph 41 of the First Amended Complaint for Damages.

42.    Defendants deny the allegations contained in Paragraph 42 of the First Amended Complaint for Damages.

## FOURTH CLAIM FOR RELIEF

43.    Answering Paragraph 43, which incorporates all previous allegations, Defendants incorporate their previous responses in Paragraphs 1-42.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint for Damages.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint for Damages.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint for Damages.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint for Damages.

48.    Defendants deny the allegations contained in Paragraph 48 of the First Amended Complaint Complaint for Damages.

49.    Defendants deny the allegations contained in Paragraph 49 of the First Amended Complaint Complaint for Damages.

50.    Defendants deny the allegations contained in Paragraph 50 of the First Amended Complaint Complaint for Damages.

## FIFTH CLAIM FOR RELIEF

51.    Answering Paragraph 51, which incorporates all previous allegations, Defendants incorporate their previous responses in Paragraphs 1-50.

52.    Defendants deny the allegations contained in Paragraph 52 of the First Amended Complaint Complaint for Damages.

53.    Defendants deny the allegations contained in Paragraph 53 of the First Amended Complaint Complaint for Damages.

-5-

1   54.   Defendants deny the allegations contained in Paragraph 54 of the First
2   Amended Complaint Complaint for Damages.

3   55.   Defendants deny the allegations contained in Paragraph 55 of the First
4   Amended Complaint Complaint for Damages.

5   56.   Defendants deny the allegations contained in Paragraph 56 of the First
6   Amended Complaint Complaint for Damages.

7                          **AFFIRMATIVE DEFENSES**

8                       **FIRST AFFIRMATIVE DEFENSE**

9   57.   Defendants respectfully state and allege herein that the Complaint, and
10  each and every cause of action therein, fails to state a claim upon which relief can be
11  granted against him.

12                      **SECOND AFFIRMATIVE DEFENSE**

13  58.   Defendants respectfully state and allege herein that Plaintiff has failed to
14  mitigate his damages.

15                       **THIRD AFFIRMATIVE DEFENSE**

16  59.   Prior to and at the time of the acts alleged in the Complaint, Plaintiff's
17  acts were the legal and/or proximate cause of the injuries and damages sustained, if
18  any, thereby barring plaintiff from recovery in this action.

19                      **FOURTH AFFIRMATIVE DEFENSE**

20  60.   Defendants place in issue the wrongful and/or discriminatory or other
21  tortuous conduct of all persons, firms, or entities which caused or contributed in any
22  degree to the happenings of the incident alleged in the Complaint, and to the injuries
23  and damages sustained by plaintiff, if any, as a result thereof.

24                       **FIFTH AFFIRMATIVE DEFENSE**

25  61.   That if Plaintiff suffered or sustained any damage as alleged in the
26  Complaint, that damage was proximately caused and contributed to by Plaintiff's
27  failing to conduct himself in a manner ordinarily expected of reasonably prudent
28  persons in the conduct of his affairs and business.

-6-

## SIXTH AFFIRMATIVE DEFENSE

62.     That Defendants conduct was not the proximate cause of the alleged deprivation of Plaintiff's constitutionally protected rights, privileges and immunities.

## SEVENTH AFFIRMATIVE DEFENSE

63.     That if Plaintiff sustained any damage as alleged in his Complaint, then such damage was proximately caused and contributed to by other defendants in this case, whether served or not served and/or by other persons, entities not parties to this action, and it is necessary that the proportional degree of negligence or fault of each of said other persons or entities be determined and prorated and that any judgment that might be rendered against Defendants be reduced not only by that degree of comparative negligence and fault found to exist as to Plaintiff's, but also as to the total of that degree of negligence or fault found to exist as to other persons or entities.

## EIGHTH AFFIRMATIVE DEFENSE

64.     That Plaintiff is barred from recovery herein by reason of Plaintiff's breach of mandatory duties imposed upon him by statutes of the State of California.

## NINTH AFFIRMATIVE DEFENSE

65.     That at all times herein mentioned, Plaintiff's so carelessly, recklessly, and negligently conducted and maintained himself as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by plaintiff and, therefore, said negligence completely bars any recovery.  Alternatively, such negligence reduces the right of recovery by that amount which said negligence contributed to the incident as set forth under the doctrine of comparative negligence.

66.     Plaintiff's Cause of Action Arising out of his arrest is barred pursuant to *Heck v. Hmphrey.*

/ / /

/ / /

09999/0009/85126.1

### TENTH AFFIRMATIVE DEFENSE

67.     Defendants are informed and believes, and based thereon allege, that any act or conduct toward Plaintiff's was lawful, privileged, reasonable, justified and made in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

68.     That in the event that any cause of action in the Complaint is brought or otherwise premised on state law, it is further alleged that the acts or omissions relating to the subject matter of this litigation were the result of the exercise of discretion vested in public employees and, therefore, Defendants are immune from liability herein under *Government Code* Sections 815, 815.2, 820.4, 821.8, and 822.2, and *Penal Code* Sections 836, 836.5 and 849.

### TWELFTH AFFIRMATIVE DEFENSE

69.     That the detention, arrest and/or search or seizure herein complained of and were lawfully made in that reasonable and probable cause of said detention, arrest, and/or search and seizures existed at the time of the occurrence which is the subject of this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

70.     That any force exercised by Defendants was reasonable and only to that degree necessary under the circumstances to effect a lawful arrest and/or search and seizure.

### FOURTEENTH AFFIRMATIVE DEFENSE

71.     That the acts of Defendants were justified on the ground that they were done without malice in a good faith belief that the arrest of Plaintiff's were based upon probable cause.

### FIFTEENTH AFFIRMATIVE DEFENSE

72.     That the acts of Defendants were justified on the grounds that they were based on an honest misunderstanding of fact or law.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

09999/0009/85126.1

## SIXTEENTH AFFIRMATIVE DEFENSE

73.   That any and all official conduct taken by Defendants was taken in good faith and without malicious intent to deprive plaintiff of her constitutional rights or to cause the other injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

74.   That the acts complained of by Plaintiff were provoked by Plaintiffs' unlawful and wrongful conduct in that he acted willfully and maliciously in an unlawful and wrongful manner, despite requests that he desist from said acts; accordingly, the force employed by Defendants in preventing Plaintiff's from continuing to act in the aforesaid manner was reasonably necessary, and the acts complained of by plaintiff was the sole and proximate result of Plaintiff's own conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

75.   That the acts of Defendants in arresting and detaining Plaintiff, if any, was justified in that Plaintiff was suspected of attempting or committing public offenses in the presence of Defendants, and Plaintiff was detained by peace officers without necessary delay.

## NINETEENTH AFFIRMATIVE DEFENSE

76.   That in the event any cause of action in the Complaint is brought or otherwise premised on state law, it is further alleged that the acts or omissions relating to the subject matter of this litigation were the result of the exercise of discretion vested in public employees and, therefore, Defendants are immune from liability.

## TWENTIETH AFFIRMATIVE DEFENSE

77.   That in the event that any cause of action in the Complaint is brought or otherwise premised on state law, Plaintiff is barred from recovery herein by reason of Plaintiffs' violation of Section 834(a) of the *Penal Code* in that Plaintiff's resisted reasonable and lawful detention and arrest.

-9-

## TWENTY-FIRST AFFIRMATIVE DEFENSE

78.    That at all times herein mentioned, Plaintiffs interfered with or obstructed peace officers from discharging their duties, and Plaintiffs knew, or in the exercise of reasonable care should have known, that he was being detained and/or arrested by peace officers; accordingly, any injury or damages to Plaintiffs resulted from such interference and failure to refrain from resisting the detention and/or arrest, and Defendants used only such force and conduct as was reasonably necessary under the circumstances to discharge his duties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

79.    That Plaintiffs by his own conduct, provoked, any and all physical contact which became necessary to effect a lawful detention or arrest and/or search and seizure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

80.    That Plaintiff is barred from recovery herein by reason of Plaintiffs breach of mandatory duties imposed upon him by the statutes of the State of California.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

81.    That any force exercised by Defendants herein was done in self-defense and only by the degree necessary to protect himself and others from attack and bodily harm.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

82.    That to the extent that any force was used, it was privileged as necessary to effect the arrest, to prevent escape, to overcome resistance, and for the protection of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

83.    The First Amended complaint does not show on its face that the action is one arising under the Constitution or laws of the United States.

/ / /

09999/0009/85126.1

1    ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2        84.    Plaintiff's claim under the Federal Civil Rights Act is barred because

3    the alleged violation of civil rights did not occur pursuant to a governmental policy

4    or custom.

5    ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6        85.    Defendants acted within the scope of their discretion, in good faith, with

7    due care, and pursuant to applicable rules, regulations, and practices reasonably and

8    in good faith believed to be in accordance with the Constitution and laws of the

9    United States, and defendants are therefore, entitled to qualified immunity.

10   ### TWENTY-NINTH AFFIRMATIVE DEFENSE

11       86.    Defendants may not be held liable on a *respondent superior* theory for

12   any negligent or wrongful act or omission on the part of any subordinate.  Ca.

13   Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong*,

14   37 Cal.2d 356, 378-379 (1951); *Monell v. Department of Social Services of the City*

15   *of New York*, (1978) 436 U.S. 658; *Larez v. City of Los Angeles*, 946 F. 2d 630, 645-

16   646 (9th Cir. 1991).

17   ### THIRTETH AFFIRMATIVE DEFENSE

18       87.    Plaintiff's claim under the Federal Civil Rights Act is barred because

19   negligent conduct is insufficient to constitute a violation of rights.

20   ### THIRTY-FIRST AFFIRMATIVE DEFENSE

21       88.    Prior to and at the time of the acts alleged in the Complaint for

22   Damages, Plaintiff's actions were the legal and/or proximate cause of the injuries and

23   damages sustained, if any, thereby barring Plaintiff from recovery in this action.

24       WHEREFORE, Defendants pray for the following relief:

25           1.  That Plaintiff takes nothing by virtue of the Complaint for Damages;

26           2.  That the Complaint for Damages be dismissed, with prejudice;

27           3.  For attorneys' fees;

28           4.  For reasonable costs of suit incurred herein; and

-11-

1      5. For such other and further relief as the court may deem just and proper.

2

3  DATED:      August 17, 2010              **ALESHIRE & WYNDER, LLP**

4

5

6                                    By:  /S/ - Glen E. Tucker
                                          GLEN E. TUCKER, ESQ..
7                                         Attorneys for Defendants,
                                          CITY OF BEL GARDENS,
8                                         OFFICER GERARDO
                                          ORNELAS, CHRISTIAN
9                                         ZARATE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

09999/0009/85126.1

## DEMAND FOR JURY TRIAL

COMES NOW, Defendants hereby request a trial by Jury.

DATED:      August 17, 2010               **ALESHIRE & WYNDER, LLP**


By:  /S/ - Glen E. Tucker
     GLEN E. TUCKER, ESQ..
     Attorneys for Defendants,
     CITY OF BEL GARDENS,
     OFFICER GERARDO
     ORNELAS, CHRISTIAN
     ZARATE

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

09999/0009/85126.1